IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY HIROSHI NAKASHIMA,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>A. P. KANE, Warden, et al.,<br><br>　　　　　Respondents. | No. C 05-4230 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

**STATEMENT**

In 1986 petitioner pled guilty in Los Angeles County Superior Court to second degree murder. He received a sentence of fifteen years to life in prison. In 2003 he was denied parole for the sixth time; it is that parole decision he challenges here. He alleges that he has exhausted these claims by way of state habeas petitions.

///

///

**DISCUSSION**

**A.    STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.     ISSUES PRESENTED**

In the order to show cause petitioner's issues were listed as being that (1) his due process rights were denied when the Board denied parole for the sixth time based on the circumstances of his crime; (2) denial of parole was in effect a breach of his plea agreement; and (3) the Board's consistent denial of almost all paroles violates due process.

Among other things, respondent contends that California prisoner have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

   **1.     RESPONDENT'S CONTENTIONS**

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1.

      **a.     LIBERTY INTEREST**

Respondent contends that California prisoners have no liberty interest in parole. Respondent is incorrect that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to parole decisions, *see Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of

3

1 liberty interests in parole under *Greenholtz* and *Allen*."), and, applying the correct analysis, the
2 California parole statute does create a liberty interest protected by due process, *see McQuillion*
3 *v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a
4 cognizable liberty interest in release on parole."). Respondent's claim to the contrary is without
5 merit.

### b. DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### 2. PETITIONER'S CLAIMS

#### a. "BIGGS CLAIM"

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Hayward v. Marshall*, 512 F.3d 536, (9th cir. 2008); *Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of

4

1 rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it
2 was unclear whether the court was suggesting that the continued denial of parole would be a
3 new sort of due process violation or whether it was simply expressing the thought that with the
4 passage of time the nature of the offense could cease to be "some evidence" that the prisoner
5 would be a danger if paroled.[1] This ambiguity was helpfully cleared up in *Irons*, where the
6 court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505
7 F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the
8 court meant that at some point denial of parole based on long-ago and unchangeable factors,
9 when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and
10 violate due process. As the dissenters from denial of rehearing en banc in *Irons* point out, in the
11 Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented
12 and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, —
13 (9th Cir. Nov. 6, 2007) (dissent from denial of rehearing en banc) (citing and discussing
14 *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)).

15 Depending on whether the discussion of dictum in the dissent from denial of rehearing
16 en banc in *Irons* is correct, it thus may be that the Ninth Circuit has recognized that due process
17 right, which for convenience will be referred to in this opinion as a "*Biggs* claim." Here,
18 petitioner's first issue is a *Biggs* claim, in that he contends that using the long-ago
19 circumstances of his offense as grounds for denial for the sixth time, in the face of
20 overwhelming evidence of rehabilitation, violates due process.

21 Assuming for purposes of this discussion that *Biggs* and *Irons* recognized an abstract
22 due process right not to have parole repeatedly denied on the basis of the facts of one's crime
23 and in the face of extensive evidence of rehabilitation, and also assuming arguendo that the
24 right was violated in petitioner's case, petitioner still cannot obtain relief on this theory, because

---

[1] The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

there is no clearly-established United States Supreme Court authority recognizing a *Biggs* claim. The state courts' rulings therefore could not be contrary to, or an unreasonable application of, clearly-established Supreme Court authority. *See* 28 U.S.C. § 2254(d).[2]

### b. Breach of Plea Agreement

Petitioner contends that his plea agreement provided that he would plead to second degree murder, with an implied term that he would be paroled upon serving the minimum time. He says that the Board violated the agreement by treating his conviction as if it were for first-degree murder, and by not releasing him at the time contemplated by the plea agreement.

Respondent contends that this claim is barred by the statute of limitations. Petitioner's minimum eligible parole date was in October of 1996, at which time he would have learned that the plea agreement was not going to be performed as he claims he expected. Under Section 2244(d)(1)(D), the one-year limitation period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000). The one-year statute of limitations thus began running in October of 1996, roughly nine years before this petition was filed. Petitioner's contention that the statute of limitations begins running anew at each denial obviously is incorrect, at least to the extent that his plea agreement claim is that he was not released at the minimum eligible parole date, although it has merit as to the part of his claim in which he contends that the Board is treating his offense as first-degree murder. The minimum eligible parole date claim, however, is barred by the statute of limitations.

---

[2] Petitioner phrased this claim in his petition as a *Biggs* claim, but in the discussion in the attachment he includes one sentence which suggests that he also may be attempting to claim that the decision was not supported by some evidence, namely: "There was absolutely no evidence submitted that would support a finding of unsuitability" (Pet. at 8). As noted above, due process requires that the Board's decision be supported by "some evidence." In this case there was evidence that petitioner hog-tied the victim so he would strangle himself if he attempted to escape; evidently the victim did try, because he was asphyxiated (Exh. 3 at 15). The cruel and sadistic nature of the crime, with the evidence that petitioner's parole employment plans were weak, was some evidence to support the denial of parole.

Petitioner also contends that the Board is violating the plea agreement by denying parole based on facts which, had they been tried and proved, would have supported a first-degree murder conviction. The plea bargain called for a sentence of fifteen years to life (Pet. Exh. D at 3, 7 (plea proceeding)), and that is what petitioner received (Ans. at Exh. 1). Although plaintiff contends he is being punished as if he had pled to first-degree murder, he in fact is receiving the parole consideration to which his fifteen-to-life sentence entitles him. First degree murder is punishable by death, life without parole, or a term of twenty-five years to life. Cal. Penal Code § 190(a). If petitioner had been convicted of first-degree murder, he would not even yet have served his minimum sentence. This claim is without merit.[3]

       **c.**     **Bias**

Petitioner contends that the Board was biased, as evidenced by the infrequency with which it granted parole.

The record shows that the Board reviewed the evidence extensively and discussed it with petitioner and his attorney (Exh. 3 at 7-48). The Board's decision explains the facts it relied upon in finding him not suitable for parole (*id.* at 49-55). Both these factors tend to negate the accusation of bias, and petitioner has not provided any evidence that would show otherwise. This claim is without merit.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April   21  , 2008.

                                            WILLIAM ALSUP
                                            UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\NAKASHIMA230.RUL.wpd

---

[3] Although petitioner does not state it as a separate issue, he does refer in his discussion of the plea agreement issue to the "matrix" used to set parole terms for prisoners who have been found suitable for parole (Pet. at 14). Under state law the matrices come into play only after a prisoner has been found suitable for parole, *see In re Dannenberg*, 34 Cal. 4th 1069, 1071 (Cal. 2005), so petitioner did not have a due process right created by state law to have the Board apply the matrix, and of course there is no such direct federal right.